IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BURTON KIRSTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:22-cv-04109-MDH |
| ) | |
| CAPE ROYALE AT SKI HARBOR ) | |
| CONDOMINIUM OWNERS ) | |
| ASSOCIATION INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Burton Kirsten's ("Plaintiff's") Ex-Parte Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). (Doc. 2). Plaintiff moves the Court to enter a temporary restraining order ("TRO") and preliminary injunction enjoining Defendant Cape Royale at Ski Harbor Condominium Owners Association Inc. ("Defendant") from removing Plaintiff's drop-down boat cover and fining Plaintiff. Plaintiff filed his Motion and complaint contemporaneously, before counsel entered appearance on behalf of Defendant. This Court heard oral argument on September 7, 2022. Defendant has replied to Plaintiff's Motion (Doc. 16) and Plaintiff replied in turn (Doc. 23). Following oral argument, Plaintiff filed a subsequent document with additional suggestions in response. (Doc. 32). The Court reviewed all briefing from both parties. Plaintiff's Motion is now ripe for review. For reasons discussed herein, Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction are **DENIED.**

1

## FACTUAL BACKGROUND

A Michigan resident, Plaintiff maintains a condominium unit in Osage Beach, Missouri. (Doc. 1 ¶ 1). Plaintiff's residence is located inside a community governed by Cape Royale at Ski Harbor Condominium Owners Association Inc., a homeowner's association. (Doc. 1 at ¶ 7). Plaintiff's residence includes a boat well, where Plaintiff regularly docks his custom-made boat. (Doc. 1 at ¶ 9-12). Plaintiff's boat well, "is part of the Cape Royale condominium complex and units." (Doc 2 at ¶ 8). Plaintiff's boat well is covered by an awning. (Doc. 1 at ¶ 20). Plaintiff's counsel estimated during oral argument Plaintiff's boat well is one of approximately twenty total boat wells situated around a single dock. Plaintiff informed Defendant Plaintiff will never dock his boat in his boat well between September and June. (Doc. 3 at Ex. D). Plaintiff contends he would not have purchased the Osage Beach residence but for the boat well. (Doc. 1 at ¶ 13). Plaintiff alleges he suffers from a neurological disorder, rendering it physically difficult, if not impossible, for Plaintiff to independently cover his boat. (Doc. 3 at 9). Plaintiff had a custom drop-down boat cover professionally installed above his boat well, allowing Plaintiff to cover his boat without physically maneuvering in a manner Plaintiff claims his neurological disorder prohibits. (Doc. 3 at 10-11). The drop-down boat cover connects to tracks Plaintiff affixed to the awning above Plaintiff's boat well. (Doc. 1 at ¶ 20). One may detach the cover from the tracks affixed to the awning. (Doc. 1 at ¶ 20). Defendant's homeowner association policy prohibits drop-down boat covers "due to weight and wind issues." (Doc. 16 at Ex. 1). Defendant informed Plaintiff the boat cover violates homeowner association policy, requesting removal. (Doc. 3 at 10-11). Plaintiff declined. (Doc. 3 at 10-11). Defendant informed Plaintiff Defendant would remove Plaintiff's boat cover and fine Defendant. (Doc. 3 at Ex. G). Plaintiff filed the present action against Defendant,

2

claiming Defendant's unwillingness to modify policy to allow the boat cover violates the Fair Housing Act ("FHA") and constitutes intentional infliction of emotional distress. (Doc. 1). Plaintiff seeks money damages and injunctive relief preventing removal of Plaintiff's boat cover. (Doc. 1 at 12-14).

## LEGAL STANDARD

Analyzing a preliminary injunction, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to, "determine whether on balance they weigh towards granting the injunction." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

## DISCUSSION

### I. Probability movant will succeed on the merits

The Eighth Circuit has held, "a substantial likelihood of success on the merits ... must be the standard when considering whether to grant a preliminary injunction." *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 530 F.3d 724, 731 (8th Cir. 2008) *citing Richenberg v. Perry*, 73 F.3d 172 (8th Cir.1995). Plaintiff argues the boat well constitutes, "a facility in connection with a dwelling," as contemplated by 42 USC § 3604(f)(2). (Doc. 23 at 3). Plaintiff clarifies the violation occurred when Defendant failed to make "reasonable accommodations in rules or policies," permitting use of a drop-down boat cover, in order to allow Plaintiff "equal opportunity to use and enjoy" his dwelling, as required by 42 USC § 3604(f)(3)(B). (Doc. 23 at

3

4). Plaintiff's expert claims Plaintiff's drop-down boat cover poses no structural risk to the awning above the boat well. (Doc. 2 at Ex. C). Defendant argues Plaintiff's boat well falls outside the FHA statute. (Doc. 16 at 3-7). Defendant's expert argues Plaintiff's drop-down boat cover indeed poses a structural threat to the awning above the well. (Doc. 3 at Ex. E). Concern for structural integrity of the awning and safety more generally inform Defendant's policy banning drop-down boat covers. (Doc. 16 at Ex. 1). Discussion during oral argument indicated the possibility of alternative means of covering Plaintiff's boat, notably services whereby Plaintiff may pay a reasonable fee for someone to cover a boat following use. The possibility of structural damage and possible availability of alternative means of covering Plaintiff's boat apart from the drop-down cover, may speak to the reasonableness of accommodation contemplated by 42 USC § 3604(f)(3)(B).

On balance, it remains unclear whether Plaintiff will succeed on the merits. Plaintiff is correct that Eighth Circuit jurisprudence remains rather limited. At this early stage, this case appears to present several novel questions of law and fact, including: 1) whether Plaintiff's boat well constitutes a facility in connection with a dwelling for purposes of § 3604(f)(2); 2) whether § 3604(f)(3)(B) applies to only "dwellings" or also to "facilities in connection with a dwelling;" and 3) whether modification of policy prohibiting drop-down boat covers constitutes "reasonable accommodation" under § 3604(f)(3)(B), particularly where alternative means of covering a boat that pose no safety risk may be available.

Plaintiff is correct that courts have urged a liberal interpretation of the FHA. *See, e.g., Nevels v. W. World Ins. Co.*, 359 F. Supp. 2d 1110, 1119 (W.D. Wash. 2004) (broad language of FHA must be construed generously). Plaintiff has nonetheless failed to demonstrate a substantial likelihood of success on the merits. *See Planned Parenthood Minnesota, N. Dakota, S. Dakota v.*

*Rounds*, 530 F.3d 724, 73-32 (8th Cir. 2008) (substantial likelihood of success requires more than "fair chance" of success).

### II. Threat of irreparable harm to the movant absent injunction

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n,* 109 F.3d 418, 425 (8th Cir.1996). Plaintiff claims in conclusory fashion he would be unable to store his boat in his boat well, absent his drop-down boat cover. Plaintiff fails to allege sufficient facts showing how his drop-down boat cover's absence, altogether precludes use of Plaintiff's boat well. An awning already covers Plaintiff's boat well, providing some defense against elements. (Doc. 3 at 4). Discussion during oral argument included reference to the possibility of a local service, charging a reasonable fee to cover boats at a boatowner's request. Defendant's policy does not require residents to cover boats. (Doc. 16 at 7). Even assuming, *arguendo*, removal of Plaintiff's drop-down cover somehow prevents Plaintiff from docking Plaintiff's boat in his boat well, it remains unclear how any resulting harm is *irreparable*. Though Plaintiff's neurological disorder may make it difficult, even impossible, for Plaintiff to independently cover his boat, Plaintiff failed to allege sufficient facts showing how failure to cover a boat docked under an awning brings about "imminent," "certain," and "great" harm. *See Novus Franchising* at 895. Using alternative means of covering a boat does not constitute irreparable harm. Plaintiff has also failed to demonstrate why money damages would fail to compensate Plaintiff for any harm suffered, should Defendant remove drop-down cover and/or supporting

5

tracks. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 845-47 (8th Cir. 2003) (finding availability of money damages at odds with irreparable harm).

### III. Balance between threatened harm to the movant and harm the injunction would inflict on other interested parties

"The balance of harms analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and upon other interested parties.*" Noodles Dev., LP v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1038 (E.D. Mo. 2007) citing *Dataphase*, 640 F.2d at 114. If this Court denies Plaintiff's Motion, Defendant may remove Plaintiff's drop-down boat cover. (Doc. 3 at Ex. G). Defendant may also fine Plaintiff. (Doc. 3 at Ex. G). In conclusory fashion lacking sufficient facts, Plaintiff also claims removal of the drop-down boat cover, "will deny Plaintiff the use and enjoyment of his [condo] unit and boat well…because Plaintiff cannot store [Plaintiff's boat] in the well without Plaintiff's [drop-down] boat cover." (Doc. 3 at 13).

If Defendant were to remove the fabric cover itself as well as tracks affixed to the awning above the boat well and if this Court ultimately rules in Plaintiff's favor, Plaintiff may then pay a substantial price to re-install the tracks previously affixed to the awning. Defendant's policy states, "awnings, shades drop-down boat covers are prohibited from use on docks due to weight and wind issues." (Doc. 16 at Ex. 1). The language of Defendant's policy does not prohibit tracks associated with drop-down boat covers, only the covers themselves, due to risk posed by the cover's weight. (Doc. 16 at Ex. 1). Of potential harms to Plaintiff posited by both parties, fees associated with re-installing previously affixed tracks constitute the most conceivable.

If the Court grants Plaintiff's Motion, Defendant claims Plaintiff's drop-down cover could damage the structural integrity of the broader boat dock, possibly impacting Plaintiff as well as

6

Plaintiff's neighbors who own adjacent boat wells. (Doc. 16 at 9). Plaintiff's expert disagrees about risk to the awning's structural integrity. (Doc. 3 at Ex. C).

## IV.     Public interest

If Plaintiff's drop-down cover compromises the awning's integrity, there could be some risk to other members of the community who own other boat wells adjacent and nearby Plaintiff's boat well. While Plaintiff's boat well itself may not constitute a public space as Plaintiff argues, Plaintiff's boat well is situated around a single dock alongside boat wells owned by Plaintiff's neighbors who may invite members of the public to join. Structural integrity of the awning is essential to ensure safety of anyone who uses Plaintiff's boat well or other adjacent wells sharing an awning with Plaintiff's well.

## **CONCLUSION**

Weighing the above factors, this Court finds Plaintiff has failed to meet the burden required by this Court to grant a TRO and preliminary injunction. Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 20, 2022

                                                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**