IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BURTON KIRSTEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22-cv-04109-MDH |
| CAPE ROYALE AT SKI HARBOR CONDOMINIUM OWNERS ASSOCIATION INC. | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Cape Royale at Ski Harbor Condominium Owners Association Inc.'s ("Defendant's") Rule 12(b)(6) Motion to Dismiss ("Defendant's Motion"). Defendant moves this Court to dismiss Plaintiff Burton Kirsten's ("Plaintiff's") complaint (Doc. 1) for failure to state a claim. The Court has reviewed all briefing from the parties and the matter is now ripe for review. For reasons herein, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

### FACTUAL BACKGROUND

A Michigan resident, Plaintiff maintains a condominium unit in Osage Beach, Missouri. (Doc. 1 ¶ 1). Plaintiff's residence is located inside a community governed by Cape Royale at Ski Harbor Condominium Owners Association Inc., a homeowner's association. (Doc. 1 at ¶ 7). Plaintiff's residence includes a boat well, where Plaintiff regularly docks his custom-made boat.

1

(Doc. 1 at ¶ 9-12). Plaintiff's boat well is covered by an awning. (Doc. 1 at ¶ 20). Plaintiff contends he would not have purchased the Osage Beach residence but for the boat well. (Doc. 1 at ¶ 13). Plaintiff alleges he suffers from a neurological disorder, rendering it physically difficult, if not impossible, for Plaintiff to independently cover his boat. (Doc. 1 at ¶ ¶ 14-20). Plaintiff installed a custom drop-down boat cover above his boat well, allowing Plaintiff to cover his boat without physically maneuvering in a manner Plaintiff claims his neurological disorder prohibits. (Doc. 1 ¶ 23). The drop-down boat cover connects to tracks Plaintiff affixed to the awning above Plaintiff's boat well. (Doc. 1 at ¶ 20). One may detach the cover from the tracks affixed to the awning. (Doc. 1 at ¶ 20). Defendant's homeowner association policy claims to prohibit drop-down boat covers "due to weight and wind issues." (Doc. 16 at Ex. 1). Defendant informed Plaintiff the boat cover violates homeowner association policy, requesting removal. (Doc. 1 ¶ 33). Plaintiff filed the present action against Defendant, claiming Defendant's unwillingness to modify policy to allow the boat cover violates the Fair Housing Act ("FHA") and constitutes intentional infliction of emotional distress ("IIED"). (Doc. 1). Plaintiff seeks money damages and injunctive relief. (Doc. 1 at 12-14).

## STANDARD

A complaint must contain factual allegations, when accepted as true, sufficient to state a claim of relief plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion

to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

Defendant's Motion raises two arguments: 1) "Defendant has not discriminated against Plaintiff for prohibiting the use of [Plaintiff's drop-down] boat cover as it is not a facility or service connected with Plaintiff's condominium unit"; and 2) "Plaintiff failed to allege that he sustained bodily harm as a result of the alleged severe emotional distress, which is a required element under Missouri law for an intentional infliction of emotional distress claim." (Doc. 24 at 1).

I. **Plaintiff's Compliant Alleges Sufficient Facts Under Count I to Survive a 12(b)(6) Motion to Dismiss**

The FHA prohibits discriminating "against any person…in the provision of services or facilities in connection with [a dwelling], because of a handicap of…that person." 42 U.S.C.A. § 3604(f)(2). Discrimination may consist of "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C.A. § 3604(f)(3)(b). Discrimination may also consist of "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications

may be necessary to afford such person full enjoyment of the premises." 42 U.S.C.A. § 3604 (f)(3)(a).

Defendant argues the relevant issue as to Count I is "whether the use of the Boat Cover falls within 'the provision of…facilities in connection with [Plaintiff's condominium] and, therefore, Defendant's rules and regulations prohibiting Plaintiff's use of the Boat Cover [violate] the FHA." (Doc. 25 at 5) (quoting 42 USC § 3604(f)(2)). Defendant contends its rules and regulations fail to violate the FHA because: 1) "Plaintiff does not allege that he cannot park his boat in his boat well or use his boat well because of his handicap;" 2) "Defendant's rules and regulations do not require condominium owners…to cover their boats with a boat cover;" 3) Plaintiff's complaint alleges the boat well, not cover, constitutes the provision of a facility in connection with Plaintiff's dwelling; and 4) "even if the boat well is a facility in connection with Plaintiff's condominium under the FHA, Defendant has not discriminated against Plaintiff by prohibiting the use of the boat cover." (Doc. 25 at 5). Defendant's response briefing clarifies, "Defendant does not argue whether the boat wells are a facility in connection with Plaintiff's Unit. Instead, Defendant argued in its Suggestions in Support of its Motion to Dismiss that the issue is whether the use of the boat cover falls within the provision of facilities in connection with Plaintiff's condominium such that the FHA applies." (Doc. 31 at 1-2).

Plaintiff argues his condo unit constitutes a "dwelling" and the boat well constitutes a "facility in connection with a dwelling" for FHA purposes. (Doc. 29 at 12-3). Plaintiff argues Defendant has violated the FHA because Defendant has discriminated in the provision of a facility in connection with a dwelling. *Id*. Plaintiff's allegations of FHA violation focus on Defendant's strict enforcement of policy prohibiting drop-down covers. Specifically: 1) Defendant's failure to

4

modify policy; and 2) Defendant's failure to allow Plaintiff himself to modify existing premises at Plaintiff's own expense. (Doc. 29 at 15-6).

While Defendant's policy preventing drop-down boat covers does not render Plaintiff's boat well entirely unavailable, Plaintiff's complaint and the FHA language go further. Plaintiff alleges Defendant's failure to make reasonable accommodation precludes Plaintiff from equal opportunity to use and *enjoy* his dwelling and boat well. (Doc. 1 at ¶ 67(d)) (emphasis added). Plaintiff's allegation is consistent with the plain language of the FHA, which contemplates "equal opportunity to use and enjoy his dwelling" and "full enjoyment of the premises." 42 U.S.C.A. § 3604(f)(3)(b); § 3604(f)(3)(a). Policy prohibiting use of drop-down boat covers on the awning above the boat well is the nexus between the boat well (the alleged facility in connection with the dwelling) and Plaintiff's drop-down cover. Strict enforcement of such policy may affect Defendant's provision of a facility in connection with a dwelling. This is consistent with the *Shapiro* analysis, where the Second Circuit found the plaintiff's handicap required modification of the co-op's first-come-first-serve policy to ensure equal opportunity for use and enjoyment of a parking lot in the first floor of the plaintiff's co-op building. *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 334 (2d Cir. 1995). For purposes of a 12(b)(6) motion, Plaintiff has alleged sufficient facts vis-à-vis Defendant's specific objections to demonstrate relief may be available under the FHA.

## II. Plaintiff's Compliant Alleges Insufficient Facts Under Count II to Survive a 12(b)(6) Motion to Dismiss

Defendant argues "Plaintiff failed to state a claim upon which relief may be granted because Plaintiff failed to allege that he sustained bodily harm as a result of the alleged severe emotional distress, which is a required element under Missouri law for an [IIED] claim." (Doc. 24 at 1). In support, Defendant cites a pair of Missouri Supreme Court cases requiring plaintiffs to allege bodily harm results from any intentional infliction of emotional distress. (Doc. 25 at 6). *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) ("To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm"). *K.G. v. R.T.R.,* 918 S.W.2d 795, 799 (Mo. banc 1996) ("Missouri has recognized a cause of action for intentional infliction of emotional distress. 'In order to state an emotional distress claim, the plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm.'") (citing *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 316 (Mo. banc 1993) and *Restatement (Second) of Torts, § 46*)).

Plaintiff's complaint alleges "Defendant's refusal to allow the Boat cover or some other reasonable accommodation has damaged Plaintiff as follows: embarrassment, emotional distress, loss of use and enjoyment of the Unit and boat well, monetary losses, attorney fees and costs." (Doc. 1 at ¶ 76). The complaint further contends "Defendant's conduct resulted in severe and serious emotional distress to [Plaintiff], embarrassment, and the loss of use and enjoyment of the Unit and boat well." (Doc. 1 at ¶ 76). In response briefing, Plaintiff cites a Missouri Court of Appeals case listing the IIED elements as "(1) defendant's conduct was extreme and outrageous, (2) defendant acted in an intentional or reckless manner, and (3) defendant's conduct resulted in

severe emotional distress." *Dunham v. City of O'Fallon, Mo.*, 945 F. Supp. 1256, 1261 (E.D. Mo. 1996) *(citing Local 36 Sheet Metal Workers Int'l Ass'n v. T.J. Kirkwood & Son, Inc.,* 911 F.Supp. 1197, 1211 (E.D.Mo.1996)) (Doc. 29 at 17). Plaintiff argues "an IIED claim does not require a showing of a physical manifestation as Defendant alleges; rather, it requires allegations of severe emotional distress that is medically diagnosable. Defendant's extreme and outrageous discriminatory conduct has caused [emotional] distress to Plaintiff by prohibiting Plaintiff from using the boat well, which was the entire reason why Plaintiff purchased the Unit." (Doc. 29 at 14). Defendant responds, characterizing the departure between Missouri Supreme Court caselaw and Missouri Court of Appeals caselaw as a contradiction. (Doc. 31 at 6-7). Defendant argues this Court must follow Missouri Supreme Court law under the United States Supreme Court's Erie Doctrine. (Doc. 31 at 7). Defendant's argument persuades.

Plaintiff is correct that the Missouri Court of Appeals in *Dunham* leaves off the bodily harm requirement of the IIED claim. However, Missouri Supreme Court jurisprudence is clear "bodily harm" is a required element of the IIED cause of action. *See Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 316 (Mo. 1993); *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997); *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. 1996). While the Missouri Supreme Court overturned the need for "contemporaneous traumatic physical injury," this appears limited to claims of negligent rather than intentional emotional distress. *Bass v. Nooney Co.*, 646 S.W.2d 765, 768 (Mo. 1983).[1]

---

[1] The Missouri Supreme Court in *Bass* cites to *Pretsky v. Sw. Bell Tel. Co.,* 396 S.W.2d 566 (Mo. 1965) to exemplify "the entrenched rule presently in force in Missouri is that a defendant is not liable for negligence resulting in emotional distress unless the plaintiff suffered a contemporaneous traumatic physical injury." *Bass* at 768. The implication is that *Bass* overturned *Pretsky*. This appears mistaken. *Pretsky* deals with intentional or reckless emotional distress, whereas *Bass* examines negligent emotional distress. Exact language of the *Bass* holding and subsequent Missouri Supreme Court and Courts of Appeals cases finding IIED requires bodily harm, support finding *Bass'* holding remains limited to negligent emotional distress. Establishing whether *Bass* overturned *Pretsky* may be significant, as the Supreme Court in *Nazeri* cites to *Pretsky* as a basis for the finding that IIED does

7

Further, the 1997 *Gibson* opinion, wherein the Missouri Supreme Court identified "bodily harm" as an IIED requirement, appears to be the most recent case where the Missouri Supreme Court specifically listed IIED elements. Since *Gibson*, Missouri Courts of Appeals have found IIED to require bodily harm. *See, e.g., Diehl v. Fred Weber, Inc.,* 309 S.W.3d 309, 321 (Mo. Ct. App. W.D. 2010); *Geran v. Xerox Educ. Servs., Inc.,* 469 S.W.3d 459, 468 (Mo. Ct. App. E.D. 2015). Plaintiff's response briefing requests this Court grant leave to allow an amended complaint alleging additional stress and anxiety. (Doc. 29 at 17-8). While stress and anxiety may be medically diagnosable, they do not on their own constitute the bodily harm the Missouri Supreme Court requires to show IIED. Nowhere does Plaintiff allege bodily harm has resulted from the alleged discrimination.

Defendant's Motion cites *Gibson* also for the requirement IIED claims must show defendants intended their conduct only to cause plaintiffs' extreme emotional distress. (Doc. 25 at 6). Plaintiff does not contest IIED requires a defendant to have acted solely for the purpose of causing emotional distress. Plaintiff alleges the reason Defendant provided for requesting removal of the drop-down boat cover is that the cover violates Defendant's policy. (Doc. 1 at ¶ 33). Plaintiff also alleges Defendant admitted Plaintiff's boat cover becomes problematic only if Plaintiff's neighbors install similar covers on the same awning. (Doc. 1 at ¶¶ 39, 43). Plaintiff does not allege Defendant enforced the ban on drop-down boat covers solely to cause Plaintiff's emotional distress. Plaintiff's failure to allege bodily harm and acknowledgement of alternative reasons apart

---

not require bodily harm. The Supreme Court in *Gibson* and *K.G.* in turn cites to *Nazeri* for support finding bodily harm is required.

from intent to cause Plaintiff emotional distress, show Plaintiff has failed to allege an IIED claim for which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 24) is **GRANTED IN PART AND DENIED IN PART.** Count II is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 12, 2022  　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 　/s/ Douglas Harpool  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **DOUGLAS HARPOOL**  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **United States District Judge**