IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BURTON KIRSTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv04109-MDH |
| ) | |
| CAPE ROYALE AT SKI HARBOR ) | |
| CONDOMINIUM OWNERS ASSOC., ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CAPE ROYALE'S SUGGESTIONS IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule56.1, defendant Cape Royale at Ski Harbor Condominium Owners Association, Inc. ("Defendant") sets forth the following Suggestions in Support of its Motion for Summary Judgment (Doc. 97):

**I.    INTRODUCTION**

This case is simple. It is about whether Defendant is required to allow Plaintiff a hanging boat cover under the Federal Fair Housing Act (FHA) because of Plaintiff's claimed disability. Plaintiff installed the hanging boat cover without first asking (or obtaining) Defendant's permission. After Plaintiff was informed that the hanging boat cover violated Cape Royale's Rules and Regulations, Plaintiff asked for reconsideration. At no time during this process, however, did Plaintiff inform Defendant's Board about his claimed disability. Significantly, Plaintiff has failed to demonstrate that the hanging boat cover is a necessary and reasonable accommodation based upon Plaintiff's own admission.

1

## II. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1. On or about April 17, 2019, Burton Kirsten ("Plaintiff") purchased a 2019 Outerlimits SC46 ("Jet"). [Ex. A, Boat Title.]

2. On or about November 5, 2020, Plaintiff and Yvette Kirsten purchased unit 201 at Cape Royale at Ski Harbor ("Cape Royale"). [Ex. B, Missouri Bill of Sale, KIRSTEN 000104.]

3. On or about November 5, 2020, the lease to Dock 5 Slip 20 ("boat well") at Cape Royale was assigned to Plaintiff and Ms. Kirsten. [Ex. C, Assignment of Lease & Novation, KIRSTEN 000113-115.] When Jet is at Cape Royale, it is parked in the boat well. [Ex. D, Plaintiff's Answers to Defendant Cape Royale's First Set of Interrogatories to Plaintiff Burton Kirsten, p. 2, ¶3.]

4. As part of the purchase of his Cape Royale condominium, Plaintiff received a copy of Cape Royale's Rules and Regulations. [Ex. E, November 16, 2020 Letter, CR000377.]

5. Cape Royale's General Rules and Guidelines contain the following:

> **Awnings/Shades/Boat Covers.** Awnings, shades and drop-down boat covers are prohibited from use on docks due to weight and wind issues.

[Ex. F, Rules and Regulations, KIRSTEN 000095.]

6. In March 2022, Plaintiff had a hanging boat cover installed in the boat well. [Ex. G, Deposition of Plaintiff, p. 35, ll. 10-18.] Plaintiff did not obtain approval from the Cape Royale Board prior to installing the hanging boat cover in the boat well. [*Id.*, p. 35, ll. 21-25.]

7. On April 26, 2022, Cape Royale's property manager informed Plaintiff and Ms. Kirsten that hanging boat covers are not allowed at Cape Royale and requested that it be removed. [Ex. H, CR000386.]

8. On April 27, 2022, Plaintiff responded to Cape Royale's property manager by, amongst other things, apologizing for not getting permission prior to installing the hanging boat

cover and appealing for the Cape Royale Board to reconsider its decision. [Ex. H, CR000385.] Nowhere in this April 27, 2022 email does Plaintiff disclose his claimed disability. [*Id.*]

9. On April 28, 2022, Cape Royale's property manager informed Plaintiff that the Cape Royale Board upheld their decision that the hanging boat cover be removed. [Ex. H, CR000385.]

10. Approximately one hour after receiving the April 28, 2022 email from Cape Royale's property manager, Plaintiff responded by stating he plans on selling his condominium and would take down the hanging boat cover before he moves. [Ex. I, KIRSTEN 000014.] Once again, Plaintiff failed to say anything about his claimed disability in his email. [*Id.*]

11. On April 30, 2022, Ms. Kirsten emailed Cape Royale's property manager informing her that Plaintiff has a disability "that cripples [Plaintiff's] hands and feet," such that he cannot tie his own shoes. [Ex. J, CR000388-389.]

12. Plaintiff testified in his deposition that he has never used his hanging boat cover and therefore does not know if he can use the cover with his disability. [Ex. G, p. 26, ll. 9-18; p. 32, ll. 22-25; p. 33, ll. 1-6, 12-16.]

13. Plaintiff further testified that, if he cannot use the current hanging boat cover, Randy Kent will be able to make something work. [Ex. G, p. 26, p. 32, ll. 22-25; p. 33, ll. 1-6, 12-16.]

14. Plaintiff has used Jet while at Cape Royale, even without the use of the hanging boat cover. [Ex. G, p. 26, ll. 3-18; p. 32, ll. 22-25; p. 33, ll. 1-6, 12-16; p. 38, ll. 3-6.]

### III. LEGAL STANDARD

Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(b). The moving party bears the burden of showing there is no genuine issue of material fact, and it is entitled to judgment

as a matter of law. *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017). The non-moving party must demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough. *Krenik v. County of Le Suer*, 47 F.3d 953, 957 (8th Cir. 1995).

IV. **LEGAL ARGUMENTS AND ANALYSIS**

    A. **The hanging boat over is not a necessary and reasonable accommodation.**

In Count I, Plaintiff alleges that Defendant violated the FHA by not accommodating his request to use the Boat Cover to cover his boat when it is not in use. (Doc. 1). To prevail on his claim for failure to make a reasonable accommodation under the FHA, Plaintiff must establish the following: (1) he is handicapped within the meaning of 42 U.S.C. § 3602(h) and Defendant knew or should have known of this fact; (2) an accommodation may be necessary to afford the handicapped person an equal opportunity to use and enjoy his boat; (3) such accommodation is reasonable; and (4) Defendant refused to make the requested accommodation. *Astralis Condominium Ass'n v. Sec'y of U.S. Dept. of Housing & Urban Development*, 620 F.3d 62, 67 (1st Cir. 2010); *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). Because Plaintiff cannot establish that the hanging boat cover is a necessary <u>and</u> reasonable accommodation, Defendant is entitled judgment as a matter of law. *See Bhogaita v. Altamonte Heights Condominium Ass'n, Inc.*, 765 F.3d 1277, 1289 (11th Cir. 2014) (noting that both necessity and reasonableness of an accommodation are separate required elements).[1]

       *1. The hanging boat cover is not a necessary accommodation.*

The second element of Plaintiff's failure to accommodate claim is that he must demonstrate that his requested accommodation (i.e., the hanging boat cover) is necessary. The term "necessary" carries its plain meaning of "indispensable, requisite, essential…or absolutely required."

---

[1] For purposes of this motion, Defendant is only arguing these two elements have not been met but Defendant does not concede or agree that Plaintiff has established the other elements.

4

*Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105-07 (3d Cir. 2018). "[T]he concept of necessity requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled Plaintiff's quality of life by ameliorating the effects of the disability." *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995). Stated differently, "a necessary accommodation is one that alleviates the effects of a disability." *Bhogaita*, 765 F.3d at 1288. If the accommodation is not necessary, then plaintiff is not entitled to the accommodation. *E.g., Bronk*, 54 F.3d at 429 (finding that deaf tenants were not entitled to a dog as a reasonable accommodation under the FHA if dog was not necessary).

Here, Plaintiff failed to demonstrate that the hanging boat cover is a necessary accommodation that alleviates the effects of his alleged disability. For one, Plaintiff admitted that he has never even used his hanging boat cover and therefore does not know if he can use it with his disability. If he cannot use the hanging boat cover, Plaintiff testified that Randy Kent can design something else that will. Significantly, if Plaintiff has never used his hanging boat cover and admits that he does not know if he can use it, then he cannot demonstrate that it is necessary for him to have the hanging boat cover.

Furthermore, Plaintiff claims that without his boat cover he does not have an equal opportunity to use and enjoy his dwelling and boat well. (Doc. 1, at ¶67(d)). However, the evidence simply does not support that the hanging boat cover is necessary to alleviate Plaintiff's disability thereby giving him an equal opportunity to use and enjoy his boat well. First, Plaintiff testified that he has used his boat many times while at Cape Royale, even without the use of the hanging boat cover he now claims is necessary.

Second, Ms. Kirsten represented that the boat cover would only be used "a few times a year." This is because Jet does not stay at Cape Royale "very often" as it is either in storage at

Performance Boat Center or on the road with Plaintiff. Thus, using the hanging boat cover only a few times a year hardly demonstrates that it is necessary.

Third, Plaintiff's communications with the Cape Royale Board and property manager regarding the boat cover does not support that the hanging boat cover is necessary to alleviate his disability because Plaintiff <u>never</u> mentioned his disability to the Cape Royale Board or the property manager when seeking permission to use the hanging boat cover. Indeed, on April 26, 2022, Cape Royale's property manager informed Plaintiff and Ms. Kirsten that hanging boat covers are not allowed at Cape Royale and requested that it be removed. On April 27, 2022, Plaintiff apologized for not getting permission ahead of time and appealed for the Cape Royale Board to reconsider. Plaintiff completely omits any reference to his disability as to why he needs the hanging boat cover. On April 28, 2022, the Cape Royale Board upheld its decision. Approximately one hour later, Plaintiff responded that he was going to sell his condominium and take down the hanging boat cover before moving. Again, Plaintiff never informed the Cape Royale Board or the property manager of his disability. In fact, it was not until April 30, 2022, that Plaintiff's disability became known when Ms. Kirsten emailed Cape Royale's property manager.

Therefore, for all these above reasons, Plaintiff failed to demonstrate that his hanging boat cover is a necessary accommodation. Accordingly, Defendant is entitled to judgment as a matter of law as to Count I.

    2.    <u>*The hanging boat cover is not a reasonable accommodation.*</u>

The third element that Plaintiff must prove on his failure to accommodate claim is that Plaintiff's proposed accommodation is reasonable. *Astralis Condominium Ass'n*, 620 F.3d at 67. Upon a motion for summary judgment on a claim for failure to make a reasonable accommodation, Plaintiff bears the burden of making a prima facie demonstration that the accommodation

6

Case 2:22-cv-04109-MDH   Document 98   Filed 07/28/23   Page 6 of 10

requested is reasonable on its face. *Pebbles v. Potter*, 354 F.3d 761 (8th Cir. 2004). An accommodation is reasonable if it is "necessary to afford a handicapped person the equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Defendant's motives for not granting a reasonable accommodation are immaterial—all that matters is whether Plaintiff was entitled to a reasonable accommodation under the law. *Developmental Servs. of Nebraska v. City of Lincoln*, 504 F. Supp. 2d 714, 723 (D. Neb. 2007).

While the reasonable element is a "highly fact-specific inquiry", *Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002), should the Court grant Defendant's *Daubert* Motions (Docs. 87, 89, 92) then Plaintiff will have failed to meet his burden to demonstrate that the hanging boat cover is a reasonable accommodation. In that instance, Defendant would be entitled to judgment as a matter of law as to Count I on yet another basis. If that is not the instance, then the reasonable element will be for the jury to decide as there is conflicting evidence between the parties' experts.

**B.     The hanging boat cover does not fall within the Fair Housing Act.**

In Count I, Plaintiff alleges that Defendant violated the FHA by not accommodating his request to use the Boat Cover to cover his boat when it is not in use. The FHA prohibits discriminatory housing practices based on a person's handicap. 42 U.S.C. § 3604(f). The statute defines "handicap" to mean "(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities, (2) a record of having such an impairment, or (3) being regarding as having such an impairment." *Id.* The FHA outlaws discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap" of an individual. *Id.* at § 3604(f)(2). Discrimination includes a "refusal to make reasonable accommodations in rules, policies,

7

practices, or services, when such accommodations may be necessary to afford [handicapped persons] equal opportunity to use and enjoy a dwelling." *Id.* at § 3604(f)(3)(B). The FHA defines a "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b); *see* 24 C.F.R. § 100.20(b) (providing the same definition of "dwelling").

Here, Plaintiff alleges that his condominium unit is a "dwelling" within the FHA and that his boat well is a facility in connection with his condominium. [Doc. 1, ¶¶ 62-63.] Plaintiff further alleges that Defendant violated the FHA by not allowing him to use the Boat Cover. [*Id.*, at ¶ 67.] Thus, before determining whether Plaintiff has satisfied the elements of a failure to accommodate claim under the FHA, it first must be determined whether a hanging boat cover falls within the provisions of the FHA. For the reasons set forth below, it does not.

First, the FHA prohibits discrimination "in terms, conditions, or privileges of sale or rental of a dwelling…" In this case, Plaintiff alleged that his condominium unit is the dwelling. There is no evidence that Defendant discriminated against Plaintiff in the terms, conditions, or privileges of his purchase of the condominium. In fact, there are no allegations that Defendant discriminated against Plaintiff in the purchase of his condominium, especially as it relates to the hanging boat cover. (*See*, Doc. 1.) After all, the hanging boat cover was installed after Plaintiff purchased his condominium. Thus, the hanging boat cover does not fall within this provision of the FHA.

Second, the FHA prohibits discrimination "in the provision of services or facilities in connection with" the condominium, because of Plaintiff's handicap. Here, the hanging boat cover installed by Plaintiff without permission from Defendant does not fall within this portion of the

FHA. *See, e.g., Weiss v. 2100 Condominium Assoc., Inc.*, 941 F. Supp.2d 1337 (S.D. Fla. 2013) (finding request for golf car service to beach for disabled son was not required under FHA). A hanging boat cover is <u>not</u> a service or facility connected with Plaintiff's condominium. Rather, the hanging boat cover relates to Jet. Without Jet, the hanging boat cover would be useless. As a result, the hanging boat cover does not fall within this provision of the FHA.

Therefore, because the hanging boat cover does not relate to the (1) terms, conditions, or privileges of the sale of Plaintiff's condominium, or (2) the provision of services or facilities in connection with Plaintiff's condominium, the FHA does not apply to a hanging boat cover.

## V. CONCLUSION

Defendant respectfully requests this Court enter judgment in its favor as a matter of law because: (1) the hanging boat cover is not a necessary and reasonable accommodation; and (2) the hanging boat cover does not fall within the Fair Housing Act.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN, P.C.

*/s/ Michael F. Barzee*

| | |
|---|---|
| Richard F. Lombardo | #29478 |
| Michael F. Barzee | #65764 |

2001 Wyandotte Street
Kansas City, MO  64108
816-931-0500
816-931-5775 – Fax
rlombardo@sls-law.com
mbarzee@sls-law.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this 28h day of July, 2023 the undersigned hereby certifies that the foregoing was filed with this Court through the Court's ECF filing system with a copy of said filing being transmitted to all parties of record through their respective counsel.

*/s/ Michael F. Barzee*
Attorney for Defendant
