IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BURTON KIRSTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv04109-MDH |
| ) | |
| CAPE ROYALE AT SKI HARBOR ) | |
| CONDOMINIUM OWNERS ASSOC., ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CAPE ROYALE'S SUGGESTIONS IN SUPPORT
OF MOTION TO STRIKE PLAINTIFF'S SUGGESTIONS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER RULE 56**

As requested in Defendant Cape Royale at Ski Harbor Condominium Owners Assoc., Inc.'s motion, this Court should strike Plaintiff Burton Kirsten's Suggestions in Support of Plaintiff's Motion for Summary Judgment Under Rule 56 (Doc. 94) and Plaintiff's Amended Suggestions in Support of Plaintiff's Motion for Summary Judgment Under Rule 56 (Doc. 99) for non-compliance with Fed. R. Civ. P. 56 and Local Rule 56.1.

On July 28, 2023, Plaintiff filed Suggestions in Support of Plaintiff's Motion for Summary Judgment Under Rule 56 (Doc. 94). On July 31, 2023, without this Court's leave, Plaintiff filed Amended Suggestions in Support of Plaintiff's Motion for Summary Judgment Under Rule 56 (Doc. 99). It appears that the only major change to this second set of Suggestions is the addition to Exhibit L, although some other minor changes, mostly typographical changes, were made throughout the Suggestions. (*Compare* Doc. 94 *with* Doc. 99.) In both the Suggestions and the Amended Suggestions, Plaintiff includes a narrative "Statement of Facts" section from pages 1 to

16.[1] Plaintiff does not set forth each fact in a separately numbered paragraph. (*See* Docs. 94 and 99.)

Fed. R. Civ. P. 56(a) provides, in part, that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) states that in supporting factual positions, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ."

Additionally, this Court's Amended Scheduling and Trial Order for Jury Trial explicitly states "All motions for summary judgment shall comply with Local Rule 56.1." (Doc. 62, at 5) This Court's local rules state: "A party moving for summary judgment must begin its supporting suggestions with a *concise* statement of uncontroverted material facts. *Each fact must be set forth in a separately numbered paragraph* and supported in accordance with Fed. R. Civ. P. 56(c)." L.R. 56.1(a) (emphases added).

"Local Rule 56.1 is designed to streamline the resolution of summary judgment motions. The conciseness and specificity required by both rules reflects the reality that the parties know the case better than the judge, and that judges have neither the time nor the obligation to scour the record looking for factual disputes." *Patton v. Mo. Farm Bureau Servs., Inc.*, No. 2:20-cv-04236-NKL, 2022 WL 7108316, at *1 (W.D. Mo. Oct. 12, 2022). "These requirements help to 'distill to a manageable volume the matters that must be reviewed by a court undertaking to decide whether

---

[1] This pagination refers to the pages as labeled in Plaintiff's Suggestions; the electronic filing stamp identifies the pagination as pages 4 through 19 (due to the presence of the table of contents and table of authorities).

a genuine issue of fact exists for trial.'" *Nelsen v. S. Poverty Law Ctr.*, 513 F. Supp. 3d 1101 (W.D. Mo. 2021).

Plaintiff's Suggestions fail to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Specifically, the Suggestions contain 15 pages of narrative paragraphs. These paragraphs are not separately numbered. Each paragraph contains more than one "fact" and, as such, is not concise as required by the Rules. Further, the alleged "facts" are blended throughout with arguments. And, making Defendant's job even more difficult, Plaintiff does not include page citations for all of his exhibits. Although some of his exhibits are short, others are multiple pages.

Plaintiff's failure to follow the applicable rules places an unreasonable burden on Defendant. Local Rule 56.1(b)(1), governing opposing suggestions, requires a party opposing a motion for summary judgment to "begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts." If controverted, the opposing party "must properly support its denial in accordance with Fed. R. Civ. P. 56(c)." L.R. 56.1(b)(1). Thus, Defendant must wade through Plaintiff's un-numbered, narrative paragraphs in an attempt to adequately identify specific statements to either admit or controvert. If Defendant does not, Defendant faces a very real prejudice in that Local Rule 56.1(b) also provides that: "Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment." It is unduly burdensome and prejudicial to place the burden on Defendant to attempt to sort through Plaintiff's Suggestions and attempt to controvert the wide-ranging, not-separately-numbered paragraphs, only some of which contain specific citations, or risk admitting them as uncontroverted facts.

"When a party fails to appropriately follow the Federal or Local Rules governing summary judgment, the Court has broad discretion to remedy the violation." *Patton*, 2022 WL 7108316, at

*3. Due to the deficiencies with Plaintiff's Suggestions and Plaintiff's failure to follow the federal and local rules, this Court should strike Plaintiff's Suggestions and not require Defendant to file opposing suggestions or otherwise respond. Alternatively, this Court should not consider or otherwise deny Plaintiff's motion for summary judgment for failure to comply with the rules. *See, e.g., Black v. Results Cos.*, No. 18-06151-CV-SJ-ODS, 2019 WL 286749, at *2 (W.D. Mo. Jan. 22, 2019) (denying motion for summary judgment where plaintiff failed to comply with the rules, rendering defendant's motion to strike plaintiff's motion for summary judgment moot); *Enslein v. Di Mase*, No. 16-09020-CV-W-ODS, 2018 WL 11437832, at *1-*2 (W.D. Mo. Dec. 19, 2018) (finding motion for summary judgment "cannot and will not be considered by the Court" due to deficiencies, including failure to set forth purported facts in separately numbered paragraphs, and failure to comply with the federal and local rules; denying motion for summary judgment without prejudice and denying motion to strike motion for summary judgment as moot).

WHEREFORE, Defendant Cape Royale at Ski Harbor Condominium Owners Assoc., Inc., respectfully requests this Court grant Defendant Cape Royale's Motion to Strike Plaintiff's Suggestions and Amended Suggestions in Support of Plaintiff's Motion for Summary Judgment Under Rule 56, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN, P.C.

*/s/ Michael F. Barzee*
Richard F. Lombardo          #29478
Michael F. Barzee            #65764
2001 Wyandotte Street
Kansas City, MO. 64108
816-931-0500
816-931-5775 – Fax
rlombardo@sls-law.com
mbarzee@sls-law.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this 25th day of August, 2023 the undersigned hereby certifies that the foregoing was filed with this Court through the Court's ECF filing system with a copy of said filing being transmitted to all parties of record through their respective counsel.

*/s/ Michael F. Barzee*
Attorney for Defendant