IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BURTON KIRSTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:22-cv-04109-MDH |
| ) | |
| CAPE ROYALE AT SKI HARBOR ) | |
| CONDOMINIUM OWNERS ) | |
| ASSOCIATION INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Cape Royale at Ski Harbor Condominium Owners Association Inc.'s ("Defendant's") Motion for Summary Judgment. (Doc. 97). Plaintiff Burton Kirsten ("Plaintiff") has also moved for summary judgment. (Doc. 91). Also pending are four *Daubert* Motions, one from Plaintiff and three from Defendant. (Docs. 87, 89, 92, 95). Defendant has further moved to strike an allegedly late expert designation from Plaintiff. (Doc. 83). Plaintiff's briefing on the summary judgment motions failed to comply with the local rules requiring statements of undisputed facts to be submitted individually in numbered paragraphs. On this basis, Defendant has moved to strike Plaintiff's Suggestions in Support of Plaintiff's Motion for Summary Judgment (Doc. 99) and Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment. (Doc. 108). Plaintiff has, in turn, moved to amend/correct his filings to comply with local rules (Doc. 120), attaching his corrected statements of undisputed facts. (Docs. 121-2, 121-3). Plaintiff has also moved to Amend (Doc. 127) and Supplement (Doc. 129) his

1

Complaint with additional factual allegations that further demonstrate the unreasonableness of Defendant's unwillingness to amend policy to allow Plaintiff's drop-down boat cover.

For reasons herein, Defendant's Motion for Summary Judgment (Doc. 97) is **GRANTED**, while Plaintiff's Motion for Summary Judgment (Doc. 91) is **DENIED**. The pending *Daubert* motions and Motion to Strike Late Expert Designation (Docs. 83, 87, 89, 92, 95) are all found to be **MOOT**. Defendant's Motion to Strike Plaintiff's Suggestions in Support of Plaintiff's Motion for Summary Judgment (Doc. 94) and Motion to Strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 108) are **DENIED**. Plaintiff's Motion to Amend/Correct (Doc. 120) is therefore **MOOT**. Likewise, Plaintiff's Motions to Amend (Doc. 127) and Supplement (Doc. 129) Complaint are also **DENIED**. Summary judgment is entered in favor of Defendant.

**FACTUAL BACKGROUND**

A Michigan resident, Plaintiff maintains a condominium unit in Osage Beach, Missouri. Plaintiff's residence is located inside a community governed by Cape Royale at Ski Harbor Condominium Owners Association Inc., a homeowner's association. Plaintiff's residence includes a boat well, where Plaintiff has occasionally docked his custom-made boat. Plaintiff's boat well is covered by an awning. Plaintiff contends he would not have purchased the Osage Beach residence but for the boat well. Plaintiff alleges he suffers from a neurological disorder, rendering it physically difficult, if not impossible, for Plaintiff to independently cover his boat.

Plaintiff installed a custom drop-down boat cover above his boat well, allowing Plaintiff to cover his boat without physically maneuvering in a manner Plaintiff claims his neurological disorder makes cumbersome or altogether prohibits. The drop-down boat cover connects to tracks Plaintiff affixed to the awning above Plaintiff's boat well. One may detach the cover from the

tracks affixed to the awning. Defendant's homeowner association policy ("the HOA policy") claims to prohibit drop-down boat covers "due to weight and wind issues." (Doc. 98-6 at 4). Specifically, the rule in its entirety reads, "Awnings, shades and drop-down boat covers are prohibited from use on docks due to weight and wind issues." (Doc. 98-6 at 4). Defendant informed Plaintiff the boat cover violates homeowner association policy, requesting removal. Plaintiff informed Defendant of Plaintiff's physical disability and requested a modification of the policy to allow Plaintiff's drop-down cover. Defendant has repeatedly denied Plaintiff's requests to modify the HOA policy. Plaintiff filed the present action against Defendant, claiming Defendant's unwillingness to modify policy to allow the boat cover violates the Fair Housing Amendments Act ("FHAA"). Plaintiff seeks money damages and injunctive relief.

## STANDARD

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

3

# DISCUSSION

I. **Plaintiff has Failed to Establish *Prima Facie* Case of Discrimination Because Plaintiff has Not Shown Modification of the Homeowner Association Policy is Necessary to Afford Plaintiff Equal Opportunity to Use and Enjoy his Dwelling**

The FHAA prohibits discriminating "against any person…in the provision of services or facilities in connection with [a dwelling], because of a handicap of…that person." 42 U.S.C.A. § 3604(f)(2). Discrimination may consist of "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C.A. § 3604(f)(3)(b). Discrimination may also consist of "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C.A. § 3604 (f)(3)(a).

To evaluate FHAA discrimination claims, Eighth Circuit courts apply a three-part test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992). The test is as follows.

> First, the plaintiff has the burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. Second, if the plaintiff sufficiently establishes a *prima facie* case, the burden shifts to the defendant to articulate some legitimate undiscriminatory [sic] reason for its action. Third, if the defendant satisfies this burden, the plaintiff has the opportunity to prove by a preponderance that the legitimate reasons asserted by the defendant are in fact mere pretext.

*United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992) (internal citations omitted). Plaintiffs in FHAA discrimination cases proceed under one of three theories: disparate treatment, disparate impact, and failure to make a reasonable accommodation. *Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc.*, 778 F. Supp. 2d 1028, 1037 (D.N.D. 2011) (internal citations

4

omitted). In the present matter, Plaintiff has alleged violation of the FHAA based on Defendant's failure to make reasonable accommodation in the applicable HOA policy. A *prima facie* case of FHAA violation under a theory of failure to accommodate requires showing the following.

> To prevail on a claim for failure to make a reasonable accommodation, the plaintiff must establish the following: (1) he or an associate of his is handicapped within the meaning of § 3602(a) and the defendant knew or should have known of this fact; (2) an accommodation may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (3) such accommodation is reasonable; and (4) the defendant refused to make the requested accommodation.

*Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc.,* 778 F. Supp. 2d 1028, 1037 (D.N.D. 2011) (citing *Astralis Condominium Ass'n v. Sec'y, U.S. Dept. of Housing & Urban Development,* 620 F.3d 62, 67 (1st Cir.2010)). Plaintiff contends that Defendant's unwillingness to modify the HOA rules to allow Plaintiff to have a drop-down boat cover violates § 3604(f) because such an amendment is necessary to afford Plaintiff equal opportunity to use and enjoy his condominium and is also reasonable because the boat cover poses no structural risk to the dock. Defendant argues that Plaintiff has inadequately demonstrated the modification is necessary and reasonable. Defendant also contends that the FHAA, while perhaps intended to be interpreted broadly, does not extend to matters related to Plaintiff's drop-down boat cover, even if Plaintiff's dock constitutes a facility in connection with a dwelling under the statutory language.

This Court agrees that Plaintiff has failed to adequately establish that modification of the HOA rules to allow Plaintiff's drop-down boat cover may be necessary for Plaintiff to fully enjoy his dwelling and premises. There appears to be little Eighth Circuit precedent as to what exactly constitutes a necessity under the FHAA. The Seventh Circuit, however, has held that, "Implicit…in the text of the FHAA is the understanding that while reasonable accommodations to achieve necessary ends are required, some accommodations may not be reasonable under the circumstances and some may not be necessary to the laudable goal of inclusion." *Bronk v. Ineichen,*

5

54 F.3d 425, 428–29 (7th Cir. 1995). The Court later found that, "the concept of necessity requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Id.* In *Bronk*, the parties disagreed about the extent to which a dog was specifically trained as a "hearing dog" for deaf apartment residents whose landlord would not allow them to have a dog. Similarly, in the present case, parties disagree about whether Plaintiff's requested policy modification constitutes a necessary condition without which Plaintiff would lack equal opportunity to use and enjoy his dwelling and premises. Here, however, the record lacks any evidence to support Plaintiff's position.

By Plaintiff's own admission, he has never used the drop-down boat cover and remains unsure whether the cover would, without modification, accommodate his physical disability. (Doc. 98-7 at 4, 5, 7).[1] Whether Plaintiff has watched someone else use a drop-down boat cover at another location is insufficient to demonstrate that Plaintiff's boat cover is necessary for him to have an equal opportunity to enjoy his dwelling and premises. Further, Plaintiff, a Michigan resident, testified at deposition on March 15, 2023 his boat was docked at his Lake of the Ozarks home for only about five days total since he purchased the condominium in 2020. (Doc. 98-7 at 7). While the language of the FHAA does not expressly limit the statute to primary residences and premises used daily, evidence that Plaintiff seldom uses the dock at his Lake of the Ozarks residence may speak to Plaintiff's failure to establish that the drop-down cover is necessary for Plaintiff to have an equal opportunity to enjoy his dwelling. The record also lacks sufficient

---

[1] Plaintiff contends that he has not used the drop-down boat cover only because doing so would violate the rules currently in place at the condominium complex. Lack of prior experience and familiarity with the drop-down cover, however, demonstrates an absence of evidence as to why the policy modification constitutes necessity, regardless of why Plaintiff lacks that prior experience.

6

Case 2:22-cv-04109-MDH   Document 138   Filed 01/31/24   Page 6 of 11

evidence attesting to any added benefit of Plaintiff's boat cover vis-à-vis the awning that already covers the boat dock, which provides some degree of shade and protection from the elements. With the exception of perhaps some added barrier against rain, it seems much of the same benefit offered by a boat cover, drop down or otherwise, is adequately provided by the permanent awning above Plaintiff's dock. Collectively, this absence of evidence demonstrates a failure on Plaintiff's part to sufficiently establish a nexus between Plaintiff's drop-down boat cover, the specific effects of Plaintiff's physical disability, and equal opportunity for Plaintiff to use and enjoy his condominium. The record sufficiently establishes that Plaintiff *prefers* to use his drop-down boat cover, but not that Plaintiff *needs* this cover. Necessity is an indispensable element of Plaintiff's failure to accommodate claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case").

A second, perhaps more fundamental problem exists with respect to whether the modification is necessary. The HOA rule presently at issue does not prevent or even limit Plaintiff from enjoying unlimited access to his dwelling or its premises. Rather, Defendant's policy simply reflects a community protocol that, when someone does access the boat dock, he or she may not use a specific type of boat cover. Plaintiff does not allege and no evidence suggests that Plaintiff's access to the boat dock has somehow been limited due to the way in which the HOA rule impacts Plaintiff, given any physical disability. A mere preference that one's boat be covered in a specific manner is not the same as a condition or item necessary for one's equal opportunity to enjoy a dwelling and premises, even if that preference is informed partially by a handicap or some other condition or characteristic covered by the FHAA. This differentiates Plaintiff's circumstances from otherwise similarly situated cases where the court has found discrimination under one or

7

more §3604 subsections. Often, when courts find an FHAA violation by failing to modify policy, the policy at issue explicitly limits or prevents someone from accessing facilities in connections with dwellings. *See, e.g., Llanos v. Est. of Coehlo*, 24 F. Supp. 2d 1052, 1059-61 (E.D. Cal. 1998) (apartment building rule limiting children's access to "family pools" and restricting children from "adult areas" discriminates against families thereby violating § 3604(b) and (c)); *United States v. Plaza Mobile Ests.*, 273 F. Supp. 2d 1084, 1091 (C.D. Cal. 2003) (age restrictive rules restricting children's access to mobile home park's common areas discriminate based on family status thereby violating various subsections of § 3604); *Hill v. River Run Homeowners Ass'n, Inc.*, 438 F. Supp. 3d 1155, 1174-77 (D. Idaho 2020) (homeowner association rules limiting time when children may access common area facilities like tennis courts discriminate on basis of family status and thereby violate § 3604(b) and (c)). To find the FHAA requires Defendant to modify the HOA policy to allow Plaintiff's drop-down boat cover would appear to reflect a significant expansion of FHAA jurisprudence, given the current HOA policy does not prohibit or limit Plaintiff from accessing the boat dock or using his boat.

Plaintiff relies throughout his summary judgment briefing on the Second Circuit's holding in *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir. 1995). Factual differences between the present matter and *Shapiro*, however, lend further support for the finding that Plaintiff has failed to demonstrate necessity. In *Shapiro*, the Second Circuit found § 3604(f), the subsection at issue here, required a property manager to modify a first-come-first-served policy for allocating parking spots at an apartment building in New York City. *Shapiro* at 335. The *Shapiro* plaintiff was "subjected to a risk of injury, infection, and humiliation each time she leaves her dwelling and each time she returns home," but for a nearby parking spot. In effect, the Second Circuit found that, because of the plaintiff's mobility limitation, which made it difficult for her to leave her

8

apartment for any purpose whatsoever, the plaintiff's dwelling became functionally inaccessible to her without a nearby parking spot. More explicitly, the apartment building's first-come-first-served policy explicitly prevented Plaintiff from accessing the building's parking garage, which the court found to be a facility in connection with the plaintiff's dwelling. In the present matter, the record lacks any suggestion that Plaintiff faces risk comparable to that of the *Shapiro* plaintiff. Plaintiff's condominium, boat dock, and boat, remain entirely unencumbered and accessible to Plaintiff, independent of any HOA policy. To the extent Plaintiff incurs risk of injury by using a boat cover that is permissible under the HOA policy, the record lacks any evidence, as discussed before, that Plaintiff's choice of a boat cover reflects something more than preference. The Second Circuit's reasoning in Shapiro, as well as the additional cases preceding paragraph, support the connection between necessity and access throughout the case law. To the extent Plaintiff enjoys unencumbered access to his dwelling, dock, and boat, Plaintiff has failed to demonstrate necessity as required by the statute.

This position finds further support in the applicable regulation, 24 C.F.R. § 100.204, which offers two hypothetical examples of unlawful failure to accommodate. The first is a landlord who refuses to modify a no-pets policy to accommodate a blind person who relies on a seeing-eye dog. The second is a property manager who refuses to modify a first-come-first-served policy for assigning parking spots, even though a tenant is mobility impaired and cannot walk more than a short distance between his vehicle and dwelling. The described action in each hypothetical is unlawful specifically because the tenant is functionally prevented from accessing the dwelling. No comparable access limitation is alleged or otherwise apparent in the present case.

In summary judgment briefing, Plaintiff offers no authority to support his position that the requested modification is somehow necessary. Instead, Plaintiff argues this Court previously

9

addressed the matter in this Court's order on Defendant's Motion to Dismiss, from which Plaintiff quotes the following.

> Plaintiff alleges Defendant's failure to make reasonable accommodation precludes Plaintiff from equal opportunity to use and *enjoy* his dwelling and boat well. (Doc. 1 at ¶ 67(d)) (emphasis added). Plaintiff's allegation is consistent with the plain language of the FHA, which contemplates "equal opportunity to use and enjoy his dwelling" and "full enjoyment of the premises." 42 U.S.C.A. § 3604(f)(3)(b); § 3604(f)(3)(a).

In Plaintiff's view, this language somehow constitutes a finding that the boat cover is necessary for Plaintiff to use and enjoy his dwelling and premises. Plaintiff has misunderstood this Court's prior order. The above language means only what it says: that Plaintiff's Complaint made an allegation generally consistent with the language of the statute. The final sentence of the quoted paragraph clarifies, "For purposes of a 12(b)(6) motion, Plaintiff has alleged sufficient facts vis-à-vis Defendant's specific objections to demonstrate relief may be available under the FHA." This Court's prior order offers nothing that could reasonably be construed as a finding about the necessity of Plaintiff's boat cover.

## CONCLUSION

Collectively, the lack of applicable authority as well as the absence of evidence supporting the necessity of Plaintiff's requested policy modification, demonstrates Plaintiff has failed to establish a *prima facie* case for failure to accommodate under the FHAA. Accordingly, it proves unnecessary to progress to the second step of the *McDonnell Douglas* test, wherein this Court would evaluate the reasonableness of Defendant's stated purpose for the policy at issue. For this reason, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**. Summary judgment is entered in favor of Defendant.

Because each party's designated experts speak only to the issue of whether it is reasonable to prohibit drop-down boat covers on the dock's awning due to Defendant's stated reasons of possible wind and weight damage and offer nothing as to whether the requested policy modification is necessary for Plaintiff to have equal opportunity to use and enjoy his dwelling and premises, the parties' pending *Daubert* Motions and Defendant's pending Motion to Strike Plaintiff's late Expert Designation are hereby **MOOT**. As Defendant has argued, Plaintiff's Suggestions in Support of Summary Judgment as well as his Suggestions in Opposition to Defendant's Motion for Summary Judgment failed to comply with this Court's local rules that require an enumerated statement of individual facts not in dispute. Defendant, however, adequately responded to Plaintiff's narrative-styled facts not in dispute, such that this Court was able to discern adequately if any factual despite existed that may preclude summary judgment. Therefore, Defendant's Motion to Strike Plaintiff's Suggestions in Support of Plaintiff's Motion for Summary Judgment (Doc. 99) and Motion to Strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 108) are **DENIED**. Plaintiff's Motion to Amend/Correct (Doc. 120) these documents is therefore **MOOT**. Likewise, Plaintiff's Motions to Amend (Doc. 127) and Supplement (Doc. 129) Complaint are **DENIED** as untimely, given they were filed long after the dispositive motion deadline in this case. The proposed supplements to Plaintiff's complaint would, nonetheless, not impact the ultimate disposition of this case.

**IT IS SO ORDERED.**

Dated: January 31, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**